UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA, Plaintiff,
v.
Ronnell Robin Dunn_____, Defendant.

Case Number CR 13-70437-2 MAG (NC)

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on April 30, 2013. Defendant was present, represented by his attorney AFPD Edward Hu. The United States was represented by Assistant U.S. Attorney Acadia Senese. The hearing was held publicly. Both parties were advised of their opportunity to call witnesses and present evidence. Both parties were advised of their right to appeal this detention order to the District Court.

PART I. PRESUMPTIONS APPLICABLE
/ / The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and the defendant has been convicted of a prior offense described in 18 U.S.C. § 3142(f)(1) while on release pending trial for a federal, state or local offense, and a period of not more than five (5) years has elapsed since the date of conviction or the release of the person from imprisonment, whichever is later.
This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.
/X / There is probable cause based upon the criminal complaint to believe that the defendant has committed an offense
    A.    _X_    for which a maximum term of imprisonment of 10 years or more is prescribed in 21 U.S.C. § 801 et seq., § 951 et seq., or § 955a et seq., OR
    B.    _X_    under 18 U.S.C. § 924(c): use of a firearm during the commission of a felony.
This establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.
/ / No presumption applies.

PART II. REBUTTAL OF PRESUMPTIONS, IF APPLICABLE
/ X / The defendant has not come forward with sufficient evidence to rebut the applicable presumption, and he therefore will be ordered detained.
/ / The defendant has come forward with evidence to rebut the applicable presumption[s] to wit: .
Thus, the burden of proof shifts back to the United States.

PART III. PROOF (WHERE PRESUMPTIONS REBUTTED OR INAPPLICABLE) N/A

PART IV. WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION
/ X / The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows: The Court adopts the facts set forth in the Pretrial Services Report prepared April 29, 2013 (adding to April 23 record check report), supplemented by information presented at the hearing. At the hearing, the government presented information that Dunn pleaded guilty to a felony in 2007, for aiding and abetting an assault with a deadly weapon (gun) upon another person, in violation of California Penal Code 245(a)(1), with a gang enhancement under Penal Code 186.22(b)(1). Here, Dunn is charged by criminal complaint with felonies of conspiracy to possess with intent to distribute a controlled substance and possession of a firearm in furtherance of drug trafficking (18 U.S.C. § 924(c)). The following factors establish by more than clear and convincing evidence that Dunn is a danger and should be

detained in order to assure the safety of the community. The charged offense occurred while the defendant was under community supervision (state parole) for a prior violent offense. Dunn has violated his probation on two occasions and violated his parole on two occasions. He has separate prior felony convictions for aiding and abetting an assault with a gun, and for owning prohibited ammunition. Of additional concern, the defendant has not been employed since 2004, and has mental health and substance abuse issues set forth in the Report. Considering all the evidence presented, the Court finds that no condition or combination of conditions will reasonably assure the safety of the community. As to risk of non-appearance, the Court has concerns, but finds that those concerns could be addressed by a combination of strict release conditions.

///

Part V. Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 30, 2013

_____
NATHANAEL COUSINS
United States Magistrate Judge

AUSA \_\_\_, ATTY \_\_\_\_\_, PTS \_\_\_\_