# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br>        Plaintiff,<br>    v.<br>RONNELL DUNN,<br>        Defendant. | Case No. 13-cr-00287-JST-2<br><br>**ORDER OF DETENTION OF DEFENDANT RONNELL DUNN**<br><br>Re: Dkt. No. 46 |

Now before the Court is Defendant Ronnell Dunn's "Request for Review By District Court of Magistrate-Judge's Order of Detention."

On April 30, 2013, Magistrate Judge Cousins conducted a bail hearing in this case. ECF No. 19. On May 2, 2013, Judge Cousins ordered defendant detained. ECF No. 21. Judge Cousins found that there was probable cause to believe that defendant Dunn had committed (a) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, as well as (b) an offense under section 924(c), 956(a), or 2332b of this title. Judge Cousins further found that this created a rebuttable presumption, pursuant to 18 U.S.C. § 3142(e)(3), that no condition or combination of conditions would reasonably assure the appearance of the defendant and the safety of the community, and that defendant had not rebutted that presumption.

Defendant filed this Request for Review on June 19, 2013. Defendant's Request came on for hearing on June 28, 2013.

The Court has reviewed the entire record, including the papers filed by the government and the defendant, the Pretrial Services report, the exhibits admitted at the detention hearing before

Judge Cousins, and the audio transcript of that hearing, and has considered the arguments made by counsel at the June 28 hearing.

## I. LEGAL STANDARD

"The Bail Reform Act governs the detention of a defendant pending trial. 18 U.S.C. § 3142 (2006). The Act mandates the release of a person pending trial unless the court 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.' 18 U.S.C. § 3142(e)." United States v. Hir, 517 F.3d 1081, 1085-86 (9th Cir. 2008). "On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community." United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991). If the government meets either burden, then the Court must determine the least restrictive further condition or combination of conditions which will satisfy both the appearance and safety requirements. 18 U.S.C. § 3142(c)(1)(B). If no condition or combination of conditions short of detention will suffice, then the Court must detain Defendant. 18 U.S.C. § 3142(e)(1); Hir, 517 F.3d at 1086.

Where, as here, there is probable cause to believe that the defendant has committed a crime of violence or a drug trafficking offense, both as defined in 18 U.S.C. § 924(c)(1), there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." U.S.C. § 3142(e)(3). Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government. Hir, 517 F.3d at 1086.

Under section 3142(g), to determine whether there are conditions of release that will reasonably assure Dunn's appearance and the safety of any other person and the community, the Court examines four factors: (1) "the nature and circumstances of the offense charged, including whether" it involves a controlled substance; (2) "the weight of the evidence against the person;" (3) "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;"

1  and whether they were on probation, parole, or any other type of release; and (4) "the nature and
2  seriousness of the danger to any person or the community that would be posed by the person's
3  release." 18 U.S.C. § 3142(g)(1)-(4). Thus, to rebut the presumption of detention, Dunn must
4  provide evidence concerning these factors. Even if he does so, however, the presumption remains
5  evidence to be weighed along with section 3142(g)'s four factors.

When reviewing a magistrate's detention order, the district court conducts a *de novo* review. United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990). While "the district court is not required to start over . . ., and proceed as if the magistrate's decision and findings did not exist," the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." Id. at 1193. In support of this task, the district court may hold additional evidentiary hearings, if the court concludes such would be helpful. Id. The district court is not required to hold an evidentiary hearing, however, "when no evidence is offered that was not before the magistrate." Id.

## II.  ANALYSIS

On the record before it, the Court finds that Dunn has failed to introduce sufficient evidence to rebut the presumption of detention. The Court further finds that, even if the presumption has been rebutted, the Government has shown by clear and convincing evidence that Dunn is a danger to the community and has shown by a preponderance of the evidence that Dunn is a flight risk. Specifically, the Court finds the following:

1.  The facts alleged regarding the current offense, which involve both narcotics and firearms, demonstrate a danger to the public safety. When defendant was arrested, he was one of four passengers in a vehicle from which officers recovered three firearms, including a stolen semi-automatic assault rifle and approximately 15 pounds of marijuana that was wrapped and packaged in a manner consistent with sale. Defendant was sitting next to a backpack containing several clear, sealed, plastic bags of marijuana and a loaded Taurus .357 revolver.

2.  The Defendant has "a pattern of criminal activity relating to violence, drugs, and firearms," as noted in the Pretrial Services Report, including a conviction in 2008 for Assault With

A Deadly Weapon, an offense to which he pleaded guilty. In connection with that conviction, he also admitted a gang allegation. On his plea form, the defendant admitted that he had aided and abetted an assault upon another person with a firearm "for the purposes of the West Coast Crips." The West Coast Crips is a street gang.

3. The Defendant is not currently employed, and he has no significant employment history.

4. Defendant has no ties to the Northern District of California. He does not have a stable residence. His wife, Ranisha Dunn, has offered to allow Defendant to reside with her and their minor child if Defendant is released, but he was not living with her at the time he was arrested for the present offense.[1]

5. The Defendant has previously used an alias.

6. Defendant is not amenable to supervision. He previously violated the terms of probation twice, and violated parole twice. He was on parole when he was arrested for the current offense. Defendant was previously arrested for a failure to appear at a criminal hearing in state court. He has a demonstrated inability to comply with the terms of supervised release, including the paramount condition that he be of good conduct and obey all laws.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

On these facts, the Court finds that the government has met its burden of demonstrating by a preponderance of the evidence that Defendant is a flight risk, and by clear and convincing

---

[1] At the hearing, Defendant's attorney stated that Defendant was "providing child care services for his [20-month-old] son" prior to his arrest. There is no evidence in the record to support this assertion, and the Court notes that (a) Defendant was not living with Ms. Dunn at the time of his arrest and (b) he was arrested in Humboldt County, which is very distant from his wife's home in Spring Valley.

evidence that he is a danger to the community. Accordingly, the Court ORDERS THE DEFENDANT DETAINED pending trial.[2]

**IT IS SO ORDERED**.

Dated: July 1, 2013

_____
JON S. TIGAR
United States District Judge

---

[2] Having found that a detention order is appropriate, the Court finds it unnecessary to reach the question of whether the appeal of the magistrate's detention order was timely.